Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Angel Lozano-Reyes appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Lozano-Reyes argues pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled. He concedes that his constitutional argument is foreclosed by *Almendarez-Torres*, and he raises it solely to preserve its further review by the Supreme Court.

*Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). The Supreme Court's recent decisions in *Shepard v. United States*, — U.S. —, — – — & n. 5, 125 S.Ct. 1254, 1262-63 & n. 5, 161 L.Ed.2d 205 (2005), *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), also did not overrule *Almendarez-Torres*. We therefore must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

Lozano-Reyes contends that his sentence is invalid in light of *Booker* because the sentencing judge applied the sentencing guidelines as if they were mandatory. We review for plain error. *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05-5556). To prevail under a plain error analysis, Lozano-Reyes must show, among other things, that the error prejudiced him by adversely affecting his substantial rights. *Id.* at 733.

Lozano-Reyes fails to identify anything in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. *See id.* He thus fails to establish prejudice to his substantial rights. *See id.* The judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**J. Guadalupe RAMOS–ESPINO, also known as Guadalupe Ramos, also known as J. Guadalupe Ramos, also known as Guadalupe Ramos–Espino, Defendant–Appellant.**

No. 05-50233.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western

---

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, J. Guadalupe Ramos–Espino raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.